No. 14,128.

Squire v. Hill.
(66 P. [2d] 822)

Decided March 29, 1937.

Mr. T. LEE WITCHER, Mr. JOHN B. BARNARD, for plaintiff in error.

Mr. ORION W. LOCKE, Mr. BERNARD E. MADDEN, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error, plaintiff below, January 2, 1937, obtained a judgment for $3,000 against plaintiff in error, defendant, on the first cause of action in a complaint alleging alienation of affections. To review this judg-

ment, error is assigned. Reference will be made to the parties as they were aligned in the trial court.

Plaintiff alleged the marriage to his wife on May 6, 1913; that he enjoyed her love and affection until January, 1930, when defendant, knowing her to be plaintiff's wife, commenced to, and did, acquire an improper influence over her, and by means thereof, with intent to injure plaintiff, did maliciously alienate and destroy her love and affection for plaintiff to his damage in the sum of $10,000. For a second cause of action, it was alleged that on September 23, 1935, and various times after that date, defendant had carnal intercourse with plaintiff's wife, causing plaintiff great mental suffering to his damage in the sum of $10,000. Plaintiff asked for exemplary damages in the sum of $2,500 in each cause of action, and also there was a prayer for body execution.

Defendant answered denying the allegations of both causes of action, and affirmatively alleged on information and belief, that for a long time prior to January, 1930, plaintiff's wife had lost any love she had for him, due to his mistreatment of her, as alleged, and that she now entertained a feeling of bitterness toward him. All allegations of new matter contained in defendant's answer were denied by replication. Upon the testimony of sixteen witnesses, a jury found the issues joined in plaintiff's favor on the first cause of action, and fixed his damages at $3,000. Verdict was in favor of defendant on the second cause of action.

Epitomized, the eleven assignments of error—aside from exceptions saved to the rejection of certain testimony and refusal of the court to give requested instructions—are, generally, that the verdict is not supported by the evidence, because the weight of the evidence is to the effect that plaintiff's wife had lost all love and affection for him before any alleged acts of defendant occurred; that the court erred in overruling defendant's motion for nonsuit as to the second cause of action, and in then instructing the jury on the allegations therein

contained when there was no evidence under which such instruction could properly be given; that the court erred in refusing to instruct to the effect that it was necessary that the evidence establish the fact that love and affection for plaintiff existed in the mind of his wife prior to January, 1930, before he could recover from defendant, and that it was not sufficient to establish loss of affection, as it also must be found that except for the acts of defendant she would not have lost her affection for plaintiff.

 Defendant contends the evidence clearly establishes that plaintiff's wife had no affection for her husband long prior to January, 1930, therefore there could have been no alienation thereof by defendant. Plaintiff alleged that he enjoyed her affection until the interference of defendant, and testified that she had always been a "good wife." On this issue plaintiff had the support of a presumption, that as a husband living and cohabiting with his wife, he had her affection. This presumption however, is such that it may be overthrown by evidence to the contrary. There was evidence to the contrary submitted on proper instructions, but the issue was resolved in plaintiff's favor by the jury. That this subject was clearly presented to the jury, will appear from the following excerpts from instructions: Instruction No. 4. "If you find * * * that before the defendant interfered therewith the plaintiff had and held the love and affection of his said wife * * * but unless you do so find, you should find * * * for the defendant." Instruction No. 8A. "You are further instructed that it is not necessary that the acts and conduct of the defendant be the sole cause of the alienation * * *. If you believe * * * that the plaintiff has lost the love * * * of his wife and that the acts and conduct of the defendant were the procuring or contributing cause therefor, then you should find for the plaintiff * * * notwithstanding that you may believe that there were other contributing causes for such loss." On this issue,

thus presented and submitted on facts sufficient to go to the jury, its verdict will not be disturbed.

Plaintiff's conduct toward his wife might have been such as to cause unhappy relations and lessen her affection for him, yet this would not excuse defendant in making any contribution toward a total or even further loss of such affection. Plaintiff's ill treatment of his wife was no justification for, or palliation of, defendant's conduct which the jury determined was such as to injure plaintiff. The state of the wife's mind, and the ardor of her love, are material only as they might affect the question of damages, and then not because the acts of defendant are less reprehensible, but because the situation of plaintiff is such that the injury occasioned by such acts is less than it otherwise might have been. The objection made to the action of the court in submitting the so-called adultery question to the jury, is not well taken. There was testimony concerning numerous occasions upon which defendant and plaintiff's wife met and were seen together in such a way as to suggest clandestine relations, from which testimony the jury could have drawn the inference of adultery. The fact—evidenced by its verdict—that it did not draw such inference, does not establish the nonexistence of such evidence. The inference, if any was to be drawn, was for the jury to which the question was properly submitted. If there were facts upon which such inference could be grounded, they afforded a proper basis for a separate cause of action. Circumstances from which the inference of carnal intercourse could be drawn, may be considered in aggravation of damages for alienation of affections, and we are unable to see wherein a failure to nonsuit on one separate and distinct cause of action, even though found by the jury to be insufficient to justify a recovery, constitutes error because it is said to have been prejudicial. It would seem more logical to say that the submission of this question to a jury, which absolved defendant of the charge, inured to his benefit, because in determining the damage

resulting from alienation, it could not have been aggravated by the thought that adultery had been committed.

Other assigned errors have been carefully considered but we deem it unnecessary to discuss them. While the case is now before us on the application for supersedeas, we feel that a more comprehensive presentation would not change our views on the errors assigned or result in a different disposition; therefore on the application, which is denied, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.